**JUDGE KARAS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :       INDICTMENT
                                    :
        - v. -                      :
                                    :       07 CRIM. 406
CLYDE W. HALL,                      :
  a/k/a "Peter Hall," and           :
ANNE HALL,                          :
  a/k/a "Anne Torselius,"           :
  a/k/a "Anne Torselius Hall,"      :
                                    :
        Defendants.                 :
                                    :
- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 1 0 2007

COUNT ONE

(Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

BACKGROUND

Relevant Persons and Entities

1.    At all times relevant to this Indictment, CLYDE W.
HALL, a/k/a "Peter Hall," the defendant, held himself out as the
"representative" and "attorney in fact" of Gramercy International
Investment Trust ("GIIT"), a purported business trust.

2.    At various times relevant to this Indictment,
CLYDE W. HALL, a/k/a "Peter Hall," the defendant, also held
himself out as the "representative" and "attorney in fact" of
American Swiss Trust LLC ("AST"), another purported business
trust.

3.    At all times relevant to this Indictment, CLYDE W.
HALL, a/k/a "Peter Hall," the defendant, purported to be in the

business of providing financing for individuals and companies by obtaining, among other things, standby letters of credit and bank guarantees on their behalf through GIIT and AST.

<u>The Scheme to Defraud</u>

4.    From at least in or about April 2005 through in or about January 2007, CLYDE W. HALL, a/k/a "Peter Hall," the defendant, and his co-conspirators, devised and operated an "advance fee" scheme to obtain millions of dollars from individuals and businesses through fraud.  In particular, HALL and his co-conspirators fraudulently induced and tried to induce others into paying millions of dollars in fees by falsely promising that GIIT and AST would assist in obtaining funding for various business projects.  In truth and in fact, HALL and his co-conspirators knew when they collected these advance fees that their promises were false, and that GIIT and AST would not provide the promised assistance.

5.    During the course of the scheme, CLYDE W. HALL, a/k/a "Peter Hall," the defendant, represented to individuals and businesses (a) that in exchange for an up-front or advance fee he could and would obtain standby letters of credit, bank guarantees, or other financial instruments that could be used as collateral to, among other things, obtain loans or participate in high yield investment programs which would generate substantial returns; (b) that he had successfully assisted other individuals

2

and companies obtain such financing for over a decade; and (c) that he would completely refund the advance fee if the promised funding was not secured as promised.  In truth and in fact, HALL knew that he would not obtain the promised financial instruments, HALL had failed to obtain financing for others and would not refund the advance fees he collected.

6.    During the course of the scheme, CLYDE W. HALL, a/k/a "Peter Hall," the defendant, rented and resided in various apartments which he held out as "representative offices" of GIIT and AST.  From time to time, HALL failed to pay rent for the apartments.  In order to prevent eviction, and to continue the facade that GIIT and AST were real, operating companies with legitimate business and real "representative offices," HALL, among other things, filed, or cause to be filed, fraudulent bankruptcy petitions, which had the effect of delaying eviction and prolonging HALL's use of the apartments as "representative offices" of GIIT and AST.

7.    During the course of the scheme, at the direction of CLYDE W. HALL, a/k/a "Peter Hall," the defendant, the advance fees collected during the course of the fraudulent scheme were often sent by interstate wire transfer into various accounts controlled by HALL, including accounts held in the name of GIIT at JP Morgan Chase Bank and HSBC Bank in New York, New York. Once the advance fees were received in these accounts, CLYDE W.

HALL, a/k/a "Peter Hall," the defendant, used the money for his own benefit and gain, for example writing checks to pay personal expenses and withdrawing tens of thousands of dollars in cash.

8.    During the course of the scheme, after CLYDE W. HALL, a/k/a "Peter Hall," the defendant, collected an advance fee and failed to provide the funding he had promised, HALL engaged in a series of elaborate deceptions designed to avoid detection, perpetuate the scheme, and keep the advance fees he had received. For example:

a.    Between in or about June 2005 and in or about September 2005, HALL caused an individual ("Individual One") to make multiple wire transfers of advance fees totaling $2.5 million from a bank account in California to bank accounts that HALL controlled at HSBC Bank and JP Morgan Chase Bank in New York, New York.  In exchange, HALL promised to obtain $500 million worth of standby letters of credit to be used as collateral to participate in a high-yield investment program for the benefit of Individual One's clients.  HALL never provided the promised standby letters of credit, and never returned the $2.5 million.  Instead, HALL sought to avoid detection by providing to Individual One a series of bogus explanations for why he had not obtained the standby letters of credit he had promised.

b.    Between in or about October 2005 and in or about March 2006, HALL caused a business domiciled in New York,

4

New York that had sought funding for a business project to make two wire transfers of advance fees totaling $1.75 million to an attorney escrow account in Rochester, New York, for the benefit of HALL.  In exchange, HALL promised to obtain an $8.75 million loan for the business.  Instead, on or about March 25, 2006, HALL and one or more co-conspirators provided the business with a bogus document that purported to represent a $244 million bank guarantee issued by UBS, a bank headquartered in Switzerland.

   c. Between in or about March 2006 and in or about May 2006, HALL attempted to convince the purported clients of a second individual ("Individual Two"), including a Special Agent of the Federal Bureau of Investigation, who was acting in an undercover capacity, to provide HALL with a $10 million advance fee.  In exchange, HALL promised to obtain $1 billion worth of bank guarantees that could be used as collateral to participate in a high-yield investment program.  On or about May 19, 2006, HALL provided Individual Two with a bogus sample bank guarantee which HALL stated would be issued by Sumitomo Mitsui Banking Corporation and would ensure the return of Individual Two's clients' $10 million advance fee.

   9. During the course of the fraudulent scheme, a number of individuals who paid advance fees to CLYDE W. HALL, a/k/a "Peter Hall," the defendant, determined that the services and documents provided by HALL were bogus and of no value and

demanded a return of the advance fees provided to HALL.  HALL
refused to return those funds and continued to operate his
criminal enterprise.

### The Conspiracy

10.  From at least in or about April 2005, up to and
including in or about January 2007, in the Southern District of
New York and elsewhere, CLYDE W. HALL, a/k/a "Peter Hall," the
defendant, and others known and unknown, unlawfully, willfully
and knowingly did combine, conspire, confederate and agree
together and with each other to commit offenses against the
United States, namely, to commit wire fraud, in violation of
Title 18, United States Code, Section 1343.

11.  It was a part and an object of the conspiracy that
CLYDE W. HALL, a/k/a "Peter Hall," the defendant, and his co-
conspirators unlawfully, willfully and knowingly, having devised
and intending to devise a scheme and artifice to defraud, and for
obtaining money and property by means of false and fraudulent
pretenses, representations, and promises, would and did transmit
and cause to be transmitted by means of wire communication in
interstate and foreign commerce, writings, signs, signals,
pictures, and sounds, for the purpose of executing such scheme
and artifice, in violation of Title 18, United States Code,
Section 1343.

<u>Overt Acts</u>

12.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about October 18, 2005, CLYDE W. HALL, a/k/a "Peter Hall," the defendant, caused an individual to wire approximately $1.5 million from an account at Independence Community Bank in New York, New York, to an account at JP Morgan Chase Bank in Rochester, New York.

b.  On or about June 8, 2005, HALL caused Individual One to wire transfer approximately $200,000 from an account at Wells Fargo Bank in California to an account at HSBC Bank in New York, New York.

c.  On or about September 1, 2005, HALL caused Individual One to wire transfer approximately $800,000 from an account at Wells Fargo Bank in California to an account at JP Morgan Chase Bank in New York, New York.

d.  On or about May 19, 2006, HALL sent an e-mail message to Individual Two in South Carolina containing payment instructions for the individual to wire transfer a $10 million advance fee to an account at JP Morgan Chase Bank in New York, New York.

(Title 18, United States Code, Section 1349.)

7

COUNTS TWO THROUGH FOUR

(Wire Fraud)

The Grand Jury further charges:

13.  The allegations of paragraphs 1 through 9 and 12 are repeated and realleged as though fully set forth herein as setting forth a scheme and artifice to defraud.

14.  On or about the dates set forth below, in the Southern District of New York and elsewhere, CLYDE W. HALL, a/k/a "Peter Hall," the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, HALL transmitted and caused to be transmitted the wire transmissions specified below for the purpose of executing such scheme and artifice:

| COUNT | APPROX. DATE | WIRE TRANSMISSION |
|---|---|---|
| TWO | June 8, 2005 | $200,000 from a bank account in California to a bank account in New York, New York |
| THREE | September 1, 2005 | $800,000 from a bank account in California to a bank account in New York, New York |

FOUR          May 19, 2006          E-Mail Message from a computer in
                                    New York, New York to a computer in
                                    South Carolina

        (Title 18, United States Code, Sections 1343 and 2.)

<u>COUNT FIVE</u>

        (Conspiracy to Commit Bankruptcy Fraud)

        The Grand Jury further charges:

<u>BACKGROUND</u>

        15.  The factual allegations of paragraphs 1 through 9
and 12 are repeated and realleged as though fully set forth
herein.

        16.  In or about April 2003, CLYDE W. HALL, a/k/a
"Peter Hall," and ANNE HALL, a/k/a "Anne Torselius," a/k/a "Anne
Torselius Hall," the defendants, signed a one-year lease (the
"Lease") for an apartment occupying the top three floors of a
five-story building located at 318 West 90th Street in New York,
New York (the "West 90th Street Apartment") for $5,800 per month.
From in or about April 2003, up to in or about January 2005,
CLYDE W. HALL and ANNE HALL lived in the West 90th Street
Apartment.  During that time, CLYDE W. HALL held out the West
90th Street Apartment as a "representative office" of GIIT.

        17.  In or about November 2003, CLYDE W. HALL and ANNE
HALL stopped paying rent to the owner of the West 90th Street
Apartment (the "Landlady").  Thereafter, the defendants failed to
make any further rent payments to the Landlady.  In or about May

9

2004, the Lease expired.  Nonetheless, CLYDE W. HALL and ANNE HALL failed to move out of the West 90th Street Apartment.

18.  In or about May 2004, the Landlady commenced an eviction proceeding (the "Eviction Proceeding") against CLYDE W. HALL, a/k/a "Peter Hall," and ANNE HALL, a/k/a "Anne Torselius," a/k/a "Anne Torselius Hall," the defendants.

## The Bankruptcy Fraud Scheme

19.  After the Landlady commenced the Eviction Proceeding, CLYDE W. HALL, a/k/a "Peter Hall," and ANNE HALL, a/k/a "Anne Torselius," a/k/a "Anne Torselius Hall," the defendants, filed or caused to be filed a series of bankruptcy petitions that contained false representations for the purpose of (a) halting the Eviction Proceeding; (b) allowing CLYDE W. HALL and ANNE HALL to remain in the West 90th Street Apartment without paying rent; and (c) continuing to provide CLYDE W. HALL with a "representative office" of GIIT.

## The Conspiracy

20.  From in or about May 2003, up to and including in or about January 2005, in the Southern District of New York, CLYDE W. HALL, a/k/a "Peter Hall," and ANNE HALL, a/k/a "Anne Torselius," a/k/a "Anne Torselius Hall," the defendants, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, namely to

10

commit bankruptcy fraud, in violation of Title 18, United States Code, Section 157.

21.  It was a part and an object of the conspiracy that CLYDE W. HALL, a/k/a "Peter Hall," and ANNE HALL, a/k/a "Anne Torselius," a/k/a "Anne Torselius Hall," the defendants, and their co-conspirators, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for the purpose of executing and concealing such a scheme and artifice, and attempting so to do, would and did file petitions under Title 11 of the United States Code, file documents in proceedings under such title, and would and did make false and fraudulent representations, claims and promises concerning and in relation to proceedings under such title, before and after the filing of the petitions, and in relation to proceedings falsely asserted to be pending under such title, in violation of Title 18, United States Code, Section 157.

<u>Overt Acts</u>

22.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about August 16, 2004, CLYDE W. HALL, a/k/a "Peter Hall," the defendant, filed or caused to be filed a petition for bankruptcy under Title 11 of the United States Code

in New York, New York that falsely claimed that CLYDE W. HALL possessed an asset consisting of a $100,0000 "leasehold interest" in the West 90th Street Apartment.

   b. On or about October 8, 2004, ANNE HALL, a/k/a "Anne Torselius," a/k/a "Anne Torselius Hall," the defendant, filed or caused to be filed a petition for bankruptcy under Title 11 of the United States Code in New York, New York that falsely claimed that CLYDE W. HALL had zero earnings.

   c. On or about December 15, 2004, CLYDE W. HALL and ANNE HALL caused a petition for bankruptcy under Title 11 of the United States Code in New York, New York to be filed that falsely claimed that a co-conspirator not named as a defendant herein resided in the West 90th Street Apartment.

   (Title 18, United States Code, Section 371.)

FORFEITURE ALLEGATION

   23. As a result of committing one or more of the foregoing conspiracy and wire fraud offenses, in violation of Title 18, United States Code, Sections 1343 and 1349, as alleged in Counts One through Four of this Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to:

12

a.   A sum of money equal to approximately $4.25 million in United States currency, representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

b.   A sum of money equal to approximately $25,415.83, which had been held as a security deposit for Apartment 9A, 270 Riverside Drive, New York, New York.

<u>Substitute Assets Provision</u>

c.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

i.   cannot be located upon the exercise of due diligence;

ii.  has been transferred or sold to, or deposited with, a third party;

iii. has been placed beyond the jurisdiction of the court;

iv.  has been substantially diminished in value; or

v.   has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said

defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 981 and 1343;
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)


FOREPERSON

MICHAEL J. GARCIA
United States Attorney

14

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

**CLYDE W. HALL, a/k/a "Peter Hall," and
ANNE HALL, a/k/a "Anne Torselius,"
a/k/a "Anne Torselius Hall"**

**Defendants.**

## INDICTMENT

07 Cr.

18 U.S.C. §§ 1349, 1343, 371, and 2

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

Foreperson.