UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,           :

    - against -                                               :     **AFFIRMATION**
                                                                           07 CR 406 (RJS)
ANNE HALL,                                          :

    Defendant.                                  :
------------------------------------------------------X

    **LEE GINSBERG,** an attorney duly admitted to practice law in the Courts of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York, being duly sworn, deposes and says:

1. That I am the attorney for the defendant **ANNE HALL.**
2. That I was retained to represent her in this matter.
3. That I am familiar with the facts of this case.
4. That I have reviewed all discovery material.
5. That I make the statements and requests herein in order to adequately defend my client and prepare for trial.

### I. SEVERENCE
(See statement of facts and memorandum, *infra*)

### II. DISCOVERY

6. The defendant recognizes that the government has already supplied him with a substantial amount of material pursuant to Rule 16. We assume that, in good faith, the government has supplied all the discovery material to which the defendant is entitled pursuant to Rule 16 of the Fed. R. Crim P. The following requests, therefore, are made in order to supplement the material already received and to protect the defendant's rights to full and complete discovery.

7. Pursuant to Rule 16 F.R.Cr.P. we request that the Court direct the government to provide any additional discovery in the following categories:

a. The substance of any oral statement(s) which the government intends to offer in evidence at trial which were made by any defendant, whether before or after arrest or indictment, in response to interrogation by any person then known to be a government agent. Fed. R. Crim. P. 16(a) (1) (A).

b. The identity of each of the person(s) present at the time any oral statement referred to in Request "A" was made.

c. Any statement, confession or admission, or the substance of any oral statement, relating to directly or indirectly to the charges in this case, made by any defendant to investigating officers or to third parties. This request includes any statement or admission which may have been incorporated in any report, memorandum, transcript, or other document recording prepared by federal, state or local government agents or attorneys, or by any other person working in conjunction with such agents or attorneys; statements made by defendants to third parties who then made statements to the government in which the defendants' remarks were repeated or reported, and statements made by any agent, co-conspirator, co-schemer or co-racketeer of any defendant to government officers or attorneys that the government considers to be a statement made by defendant.

d. All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof (hereinafter referred to as "documents"), which were obtained from or belong to any defendant or co-conspirator in this case, including any corporation, partnership or other business entity in which any defendant or co-conspirator has an ownership interest or which were obtained in the course of any seizures in this investigation.

e. All documents which the government intends to use at trial as evidence in its case in chief. Fed. R. Crim. 16 (a)(1)©. This includes not only those items which will be marked and offered into evidence, but all of those documents that will be relied on or referred to in any way by any witness called by the government during its case in chief and to impeach any defendant or any defense witness. **United States v. Turkish**, 458 f. Supp. 874, 882 (S.D.N.Y. 1978).

f. We request that any documents in this category be specifically identified from among the mass of documents that should be produced pursuant to defendants' Rule 16 requests, both to enable counsel to prepare effectively for trial and to afford defendants an opportunity to move to suppress any evidence the government intends to use in its case in chief. See Fed. R. Crim. P. 12(b) (3) and 12(d) (2).

g. The substance of any oral statements made by the defendant or co-conspirators indicted or unindicted, whether before or after the arrest.

(a) During a conversation with any person who was a government agent and/or informer, or who is now a government witness; or

(b) In response to interrogation by any person then known to the defendant to be a government agent. This request is designed to reach those statements by the defendant which may not have been preserved in any writing or recording. This request also seeks discovery of the time, place and circumstances of such statements.

h. Any and all recordings and transcripts thereof of conversations of the defendant or a co-conspirator(s), indicted or unindicted.

(a) As to all tape recordings made in this case, please advise us as to the following matters:

(I) Were the tapes consensually recorded?

(ii) Specify where the microphone was attached to the cooperating individual? Was there a manual switch on the cooperating individual?

i. A copy, if any, of any DEA, FBI, U.S. Customs or other government forms regarding statements by any co-conspirator(s), indicted or unindicted, concerning his personal history.

j. Provide a list of all property (including all government forms) seized from the defendant or from any co-conspirator(s), indicted or unindicted, from his (their) residence at the time of his (their) arrest or any other time, and provide inspection of such items, if any.

k. A copy of all "returns" for all search warrants.

l. State whether the government intends to offer at trial any evidence or prior criminal conduct or prior bad acts as to the defendant or any co-conspirator, indicted or unindicted.

m. If the government expects to call any witness to give expert testimony at either trial or hearings whether relating to substantive evidence, probable cause, etc., provide all training, treaties, experiences and writings of the witness (Fed. R. Evid. §705), provide all prior statements in these areas of expertise, e.g., testimony of prior proceedings.

n. Set forth a list of all property claimed by the government to be property of the defendant. Provide copies of documents which seek forfeiture or other restraints on the property along with all documents seized or otherwise in the government's possession relating to the purchase of, ownership of or connecting the defendant to said property. See, **United States v. Morales**, 737 F.2d 761 (8th Cir. 1984).

o. Provide a list of all property seized on this matter, whether or not it is to be introduced at trial.

p. All results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof that were conducted in connection with any investigation of the charges contained in the indictment, Fed. R. Crim. P. 16(a) (1) (D), including but not limited to:

    (1). All polygraph examinations, psychological stress evaluations, hypnotic procedures or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness's memory, and all documents that refer or relate to such examinations.

q. Provide copies of all court documents relating to any government witness's prior charges. This should include but is not limited to indictments, complaint, certified dispositions, testimony in prior proceedings, whether such charges were federal or state.

r. We request that the government be directed to provide a list of the names and addresses of all witnesses that the government intends to call in its case in chief.

s. We request that the government be directed to disclose at this time all statements or reports in its possession made by the government witnesses or prospective government witnesses, pursuant to 18 U.S.C. §3500 (Jencks Act) and Rule 26.2 of the Federal Rules of Criminal Procedure.

8. To the extent that any or all of this material has been provided (and the defendant concedes that much of the request appears to have already been complied with) the government should simply so indicate in response.

### III. BILL OF PARTICULARS

9. The indictment provides limited information regarding the defendant's particular role in the conspiracy.

10. We request that the government be required to specify, at least, which statements made by the defendant in the bankruptcy proceeding were false or otherwise give rise to the allegations of fraud.

### IV. DISCLOSURE PURSUANT TO FED. R. EVIDENCE 403 AND 404

11. Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16(a)(1) © of the Federal Rules of Criminal Procedure and Rules 403 and 404(b) of the Federal Rules of Evidence, we request that the government be directed to disclose all evidence of other or similar crimes, wrongs or acts allegedly committed by any defendant upon which the government

intends to rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, or likely source of income.

## V. BRADY MATERIAL

12. Wholly separate and apart from the above requests are the following demands made pursuant to Kyles v. Whitely, 115 S. Ct. 1555 (1995), **Brady v. Maryland**, and its progeny, including, but not limited to:

   a. Any and all information within the knowledge of the government, or which should be within its knowledge by the exercise of due diligence which may affect in any way the credibility of any and all government's witnesses.

   b. Any and all conversations, recorded or otherwise, wherein defendant's own statements are exculpatory in nature (or any statements) of any defendant or prospective witness.

Whether any person to be called as a witness by the government is known, or with due diligence could be known, by the government to:

   c. Have been charged with a crime;

   d. Have been convicted of crime;

   e. Is or has been under psychiatric care or treatment;

7

f.  Is or has been in drug or alcoholic abuse care or treatment. If the answer to any of the aforementioned is in the affirmative, identify the crime or substance and the treatment received with specificity as to time, place and duration.

g.  Any and all records and information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including but not relevant to "rap sheets," of each witness the prosecutor intends to call at trial;

h.  Any and all records and information revealing prior or subsequent misconduct, criminal acts or bad acts of any witness the prosecutor intends to call at trial;

i.  Any and all information relating to State Court criminal cases in which the government's witnesses have been or are presently involved as defendants or witnesses, including any and all underlying documentation, i.e., docket number, indictment number, offenses charged, affidavits, etc.

j.  Pursuant to the mandates of **United States v. Roviaro**, 353 U.S. 53 (1957) and **United States v. Saa**, 859 F.2d 1067 (2d Cir. 1988), we would request that you make available all witnesses so that we may question them as to whether they will consent to be interviewed by us.

k.  Any and all consideration or promises of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police or informers, to or on behalf of any witnesses

8

the government intends to call at trial, or any such consideration or promises expected or hoped for by any such witness at any future time.

l.  Any and all statements - formal and informal, oral or written - by the prosecution, its agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course or outcome of any government action - state or federal, civil or criminal - or immigration matters against the witness, or anyone related by blood or marriage to the witness. Provide copies of all letters of communication to prosecutors, judges, or other law enforcement agencies; the dates of all oral communications, the specific charges, indictments, etc., which those witnesses have pending.

m.  All proposed agreements with any witness to testify at any trial or before any grand jury including any drafts of such agreements to testify. All documents, reports, memoranda or correspondence, relating to any such proposed agreement to testify.

n.  Any and all threats, express or implied, direct or indirect, or other coercion directed against any witness the prosecutor intends to call at trial; criminal prosecution investigations or potential prosecutions pending or which could be brought against any such witness; any probationary, parole deferred prosecution or custodial status of any such witness; and any civil, tax court, court of claims, administrative or other pending or potential legal disputes or transactions involving any such witness; and the state or federal government, or over which the state or federal government has real,

9

apparent or perceived influence.

o. The existence and the identification of each occasion on which a witness has testified before any court, grand jury, or other tribunal or body, or otherwise officially narrated in relation to the defendants, the investigation or the facts of this case.

p. Any judicial proceedings in any criminal cases involving (as a witness, unindicted co-conspirator, co-schemer, aider or abettor, or defendant) any person who is a potential prosecution witness at the trial in this action.

q. Any statements or documents, including, but not limited to, grand jury testimony and federal, state and local tax returns made or executed by and potential prosecution witness at the trial in this action which the prosecution knows, or through reasonable diligence, should have reason to know is false.

r. The existence of identification of each occasion on which a witness or an informer, accomplice, co-conspirator, co-schemer, or expert has testified before any court, grand jury or other tribunal body.

s. A copy of all medical and psychiatric reports known to the prosecutor or which can reasonably be known to the prosecutor concerning any witness the prosecutor intends to call at trial which may arguably affect the witness's credibility, ability to perceive or relate to recall events.

    t.  Any written or oral statements, whether or not reduced to writing, made by any potential prosecution, witness which in any way contradicts or is inconsistent with or different from other oral or written statements he/she has made, and any statement made by any person, whether a witness or not, which in any way contradicts, or is inconsistent with or different from any statement made by a prosecution witness.

    u.  Any requests prepared by the prosecution for permission to grant immunity or leniency for any witness, whether or not such request was granted.

    v.  Any information given before the grand jury which exculpates, or tends to exculpate, any defendant, or which may lead to exculpatory evidence.

    w.  Any contradictory or inconsistent statements made by or to any law enforcement agents, including prosecutors, by individuals who provided information connected to the crimes charged in this Indictment, whether or not the government intends to call such person at the trial. Specifically, any information that has been provided to the government or its' agents tending to indicating that an individual(s) other than the defendant committed the crimes for which he has been indicted.

## VI. PERMISSION TO JOIN IN MOTIONS OF CO-DEFENDANTS

13. We request an Order permitting counsel to join in the motions of the co-defendants. Specifically, we request permission to join in any Motion to Suppress the recordings made as a result of the electronic surveillance, in the event that such motions are filed by any co-defendant.

## VII. PERMISSION TO FILE ADDITIONAL MOTIONS

14. We request an Order granting the defendant permission to file additional motions subsequent to the response to the instant motions, any newly discovered material and the Court's decision.

15. We specifically request permission to reserve our right to file a motion for a severance of the defendant ANNE HALL from the defendant until such time as we have received all statements of all co-defendants and can determine whether such motion lies based upon any such statements.

*LEE GINSBERG*

Dated: New York, New York
       November 7, 2007

12