# FREEMAN, NOOTER & GINSBERG
## ATTORNEYS AT LAW

LOUIS M. FREEMAN
THOMAS H. NOOTER*
LEE A. GINSBERG

CHARLENE RAMOS
OFFICE MANAGER

*NY AND CALIF. BARS

THE UNDERWOOD BUILDING
30 VESEY STREET, SUITE 100
NEW YORK, N.Y. 10007
(212) 608-0808
TELECOPIER (212) 962-9696
E-MAIL: FNGLAW@AOL.COM

March 12, 2008

VIA ECF
Honorable Richard J. Sullivan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: United States v. Anne Hall
07 CR 406 (RJS)

Dear Judge Sullivan:

The defendant Anne Hall respectfully submits this letter in response to the government's answer to the motions filed on behalf of both defendants in this matter. Anne Hall specifically responds to the answer as it relates to her motion for a severance and joins in the reply to be filed by Clyde W. Hall.

While it is true that there is strong a preference for joint trials, this preference is carefully tempered by the need to guard against the serious risk that a joint trial would (1) compromise a specific trial right of a defendant's; or, (2) prevent the jury from making a reliable determination of guilt or innocence.

In this case, there is a serious, not speculative, risk that a joint trial with co-defendant Peter Hall, on all of the counts in the indictment, will seriously prejudice Anne Hall. This is so because, as enunciated in the severance motion and corroborated in the government's answer, the government intends to introduce evidence, at a joint trial, that relates to crimes not charged against Anne Hall but charged against Peter Hall. To deflect what would be clear unfair prejudice to Anne Hall, the government suggests that any such evidence regarding the frauds allegedly committed by Peter Hall would be admissible as background evidence as to the bankruptcy count charged against Anne Hall. In the first instance, it is not at all clear that such evidence would be admissible for any purpose, let alone as background information, and, such evidence is unnecessary to prove whether or not Anne Hall made fraudulent statements in her bankruptcy filing.

Undoubtedly, such unnecessary evidence would affect the jury's ability to determine her guilt or innocence based on the evidence that is admissible solely against her.

The government's response brief cites several decisions by the Second Circuit to illustrate some of the grounds upon which a denial of severance has been upheld on appeal. See e.g. United States v. Spinelli, 352 F. 3d 48, 55 (2d Cir 2003)("differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials"); United States v. Rucker, 702 F.2d 205 (2d Cir 1990)("The fact that evidence may be admissible against one defendant but not against others does not require separate trials"); and, United States v. Hernandez, 85 F.3d 1023 (2d Cir. 1996)(the fact that…codefendants [are] tried for crimes not committed by another co-defendant does not, without more, create the sort of miscarriage of justice that would require a new trial.").

Notably, an appeal of a decision not to grant severance is reviewed for "abuse of discretion". Spinelli, 352 F. 3d at 54. Accordingly, while it is true that the Second Circuit has affirmed numerous decisions not to sever based on the grounds cited by the government, this does not mean that granting a motion for severance would not have been a proper course of action by the trial court.

Furthermore, Anne Hall is not simply asserting that there is one single reason that she would be prejudiced by a joint trial, in fact she has proffered several reasons (voluminous amounts of evidence used to prove the charges against her husband will not be properly compartmentalized by jurors thereby overwhelming and confusing the jurors; the fact that a minute amount of the evidence involved in this case will be proffered against her; and the fact that their husband-wife relationship could make her look guilty by association), which, when considered in combination, provide ample justification to sever count five from the rest of the counts in the indictment.

To prove the bankruptcy fraud with which Anne Hall is charged, it is likely that the government would not have to use any of the same evidence it would use to prove the conspiracy to commit wire fraud and the substantive wire fraud counts that Peter Hall alone is charged with. In its memorandum, the government asserts that some evidence concerning the "advance fee scheme" can be utilized against Anne Hall to put the bankruptcy fraud in "an understandable context for the jury" (i.e. to provide background information); however, this assumes that said evidence is relevant to and admissible against Anne Hall and can withstand an analysis under F.R.Evid. 403 that such evidence is unfairly prejudicial.

While limiting instructions are generally deemed sufficient to cure the risk inherent in joint trials and the attendant evidentiary problems; it is unrealistic to believe that limiting instructions would prevent the jury from looking at Ms. Hall in the context of her husband's actions with respect to the other frauds he is accused of committing. Furthermore, a jury should not be left to parse through various limiting instructions and pieces of evidence admitted against one defendant but not permitted to be used in determining the guilt of a second defendant when, as here, a separate, distinct and limited

trial can be held as it relates to the sole count of the indictment in which Anne Hall is named.

Accordingly, severance is warranted to prevent the prejudice that is sure to occur if Anne Hall is jointly tried with her husband, Peter Hall.

Respectfully,

Lee Ginsberg

cc: Thomas G.A. Brown, Esq. AUSA
    Prof. James Cohen, Esq.